UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation, | No. |
| Plaintiff, | COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF |
| v. | |
| THE SOFTWARE KING, an unknown business entity, BIZIGNITION TECHNOLOGIES, INC., a Canadian corporation, ROGER HARDY, an individual, WINSTON CABELL, an individual, and NICHOLAS BOZIKIS, an individual, | |
| Defendants. | |

## I.      INTRODUCTION

1.      Defendants are among the most prolific sellers of counterfeit Microsoft software on the internet today.[1]  To achieve this dubious distinction, Defendants operate a highly sophisticated, misleading, and profitable scheme from their website—SoftwareKing.com. First, Defendants lure unsuspecting customers to the SoftwareKing site through the unauthorized use of Microsoft's world-famous trademarks.  Defendants then go to great lengths to mislead SoftwareKing.com visitors into believing that they are legitimate resellers of

---

[1] The terms sell, selling, sale and sold in this Complaint are used colloquially and do not constitute proof that Microsoft software is sold and not licensed.  All Microsoft software is licensed to end users and it is the licenses, not the software itself, that are sold.

COMPLAINT - 1

genuine Microsoft software.  Next, Defendants entice prospective customers to buy the counterfeit software by offering it at heavily discounted prices.

2.      After completing the sale, Defendants direct customers to download their software purchase from *illicit download servers* that actually host *counterfeit versions* of Microsoft software.  As part of the transaction, Defendants also provide customers with illegally obtained Microsoft product activation keys which allow customers to activate the counterfeit software.

3.      Defendants' scheme is a very successful one as large numbers of people in the United States and Canada purchase counterfeit software through the SoftwareKing site.  The scheme is also exceptionally lucrative because Defendants do not actually buy licenses for the software they sell and have little other legitimate overhead.

4.      Defendants' unlawful enterprise hurts consumers, legitimate commerce, and the economy.  Unsuspecting customers are duped into purchasing unlicensed and counterfeit software when they think they are buying genuine, licensed software.  Businesses selling genuine software are harmed when potential customers are lured away by lower priced counterfeits.  Microsoft is harmed by Defendants' misuse and theft of its intellectual property.

5.      To finally put a stop to Defendants' scheme and associated unlawful activities, Microsoft is filing this lawsuit which seeks an order from the court enjoining Defendants from further sales of counterfeit software and an award of money damages for the substantial harm caused.

## II.      PARTIES

6.      Microsoft is a Washington corporation with its principal place of business in Redmond, Washington.  Microsoft develops, markets, distributes, and licenses computer software, among other products and services.

7.      On information and belief, Defendant Software King d/b/a SoftwareKing.com (collectively "SWK") is an unregistered business entity operating with a place of business in Blaine, Washington.  On information and belief SWK distributes computer software and

COMPLAINT - 2

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

components on the internet through various websites and domain names, including without limitation, SoftwareKing.com.  On information and belief, SWK is an entity owned by, operated by, or otherwise under the substantial control of the other Defendants identified herein.  The homepage of SWK's website advertises that it is "Proudly American."  The Software King, http://www.SoftwareKing.com (last visited December 7, 2016).  The Contact Us page of SWK's website lists its mailing address as 1125 Fir Ave., #119, Blaine, WA 98230.  The Software King, http://www.SoftwareKing.com/contact-us (last visited December 7, 2016).

8.      On information and belief, Defendant BizIgnition Technologies, Inc. ("BTI") is a Canadian corporation with its principal place of business in Vancouver, British Columbia.  On information and belief, BTI is, or was, the registrant for the website www.SoftwareKing.com.  On information and belief, BTI operates, or at material times operated, the website www.SoftwareKing.com.

9.      On information and belief, BTI personally participated in and had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint, and derived a direct financial benefit from that wrongful conduct.  BTI therefore is liable for the wrongful conduct alleged herein directly under principles of secondary liability, including, without limitation, respondeat superior, vicarious liability, and contributory infringement.

10.     On information and belief, Defendant Roger Hardy ("Hardy") is a resident of Vancouver, British Columbia, Canada.  On information and belief, Hardy is the President of BTI.  On information and belief, Hardy is an owner, operator, director, and officer of SWK and BTI.  On information and belief, Hardy also manages, supervises, and controls the conduct and business of SWK and BTI.  On information and belief, Hardy is a moving force behind the actions of SWK and BTI complained of herein.

11.     On information and belief, Hardy personally participated in and had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint, and derived a direct financial benefit from that wrongful conduct.  Hardy therefore is liable for the

COMPLAINT - 3

wrongful conduct alleged herein directly under principles of secondary liability, including, without limitation, respondeat superior, vicarious liability, and contributory infringement.

12.     On information and belief, Defendant Winston Cabell ("Cabell") is a resident of West Vancouver, British Columbia, Canada.  On information and belief, Cabell is the Secretary of BTI.  On information and belief, Cabell is an owner, operator, director, and officer of BTI and SWK.  On information and belief, Cabell also manages, supervises, and controls the conduct and business of SWK and BTI.  On information and belief, Cabell is a moving force behind the actions of SWK and BTI complained of herein.  On information and belief, Cabell is, or was, the registrant of the website www.SoftwareKing.com.  On information and belief, Cabell is, or was at material times, the operator of the website www.SoftwareKing.com.

13.     On information and belief, Cabell personally participated in and had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint, and derived a direct financial benefit from that wrongful conduct.  Cabell therefore is liable for the wrongful conduct alleged herein directly under principles of secondary liability, including, without limitation, respondeat superior, vicarious liability, and contributory infringement.

14.     On information and belief, Defendant Nicholas Bozikis ("Bozikis") is a resident of Vancouver, British Columbia, Canada.  On information and belief, Bozikis is a director of SWK and BTI.  On information and belief, Bozikis manages, owns, operates, supervises, and controls the conduct and business of SWK and BTI.

15.     On information and belief, Bozikis personally participated in and had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint, and derived a direct financial benefit from that wrongful conduct.  Bozikis therefore is liable for the wrongful conduct alleged herein directly under principles of secondary liability, including, without limitation, respondeat superior, vicarious liability, and contributory infringement.

### III.     JURISDICTION & VENUE

16.     The Court has subject matter jurisdiction over Microsoft's Lanham Act claims, contributory copyright infringement claim, and related claims pursuant to 15 U.S.C. § 1121, 17

COMPLAINT - 4

U.S.C. § 501, and 28 U.S.C. §§ 1331 and 1338(a).  The Court also has subject matter jurisdiction under 28 U.S.C. § 1332 because this action is between a citizen of a state and subjects of foreign states – including without limitation, Canada – and the matter in controversy exceeds $75,000, exclusive of interest and costs.

17.     The Court has personal jurisdiction over Defendants because they are either: residents of the Western District of Washington, agents and/or alter-egos of a resident of this District, or otherwise do business in this District.  On information and belief, SWK operates a business at the address 1125 Fir Avenue #119, Blaine, Washington.

18.     The Court also has personal jurisdiction over Defendants because they purposefully directed their unlawful activities at Washington, and Microsoft's claims arise from those activities.  Defendants expressly aimed their conduct at Washington because they (1) had actual or constructive knowledge of Microsoft's intellectual property rights (including Microsoft's registered copyrights and trademarks) and Microsoft's business in Washington; (2) acted, at a minimum, with willful blindness to, or in reckless disregard of, Microsoft's rights; and (3) knew or should have known that their conduct would cause harm to Microsoft in Washington.  See *Wash. Shoe Co. v. A-Z Sporting Goods, Inc.*, 704 F.3d 668 (9th Cir. 2012).

19.     Further, personal jurisdiction exists because Defendants maintain an interactive website, through which they advertise to consumers throughout the United States and through which consumers, including Washington consumers, purchase products and services.  Venue is proper in this Court pursuant to 28 U.S.C. § 1400(a) because Defendants are subject to personal jurisdiction in the Western District of Washington.  See *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124 (9th Cir. 2010).

20.     Pursuant to Local Civil Rule 3(d), intra-district assignment to the Seattle Division is proper because the claims arose in this Division, where (a) Microsoft resides, (b) the injuries giving rise to suit occurred, and (c) Defendants directed their unlawful conduct.

## IV.     FACTS COMMON TO ALL CLAIMS

### A.     The Global Problem of Software Piracy

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

21.     Software developers lose billions of dollars in annual revenue from software piracy, namely, the unauthorized and unlawful copying, downloading, and distributing of copyrighted and trademarked software and related components.  In 2015, the commercial value of pirated software in the United States was in excess of $10 billion.

22.     Software developers, like Microsoft, are not the only victims of software piracy.  Consumers are also victims, as they are often deceived by distributors of pirated software who go to great lengths to make the software appear to be licensed and authorized by Microsoft.

**B.     Microsoft's Intellectual Property**

23.     Microsoft develops, advertises, markets, distributes, and licenses a number of computer software programs.  One of the methods Microsoft uses to distribute software is through digital downloads on Microsoft.com and through websites of authorized electronic software distribution vendors.

24.     Microsoft sells licenses to use its software, not the software itself.  In other words, no title to Microsoft software passes to a user when they purchase a license for  a Microsoft software program.

25.     Microsoft's software licensing agreements make clear to end users that they are acquiring a license to use the software and not title to the software.  The licensing agreements contain various limitations around the use of the software and place certain restrictions on any transfer of the license and accompanying materials such as backup discs, proof of license materials, and product activation keys.  See Microsoft License Terms, https://www.microsoft.com/en-us/useterms (last visited December 7, 2016).

26.     **Microsoft Windows 8.1:**  Microsoft has developed, advertises, markets, distributes, and licenses a computer operating system called Microsoft Windows 8.1 ("Windows 8.1").  Windows 8.1 is available in a number of different versions included, but not limited to, Windows 8.1 Ultimate, Windows 8.1 Professional, Windows 8.1 Home Premium, and Windows 8.1 Enterprise.  Microsoft holds a valid copyright in Windows 8.1 Pro, the most expansive version of Windows 8.1, and this copyright encompasses all versions of Windows

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

8.1. Microsoft's copyright in Windows 8.1 Pro was duly and properly registered with the United States Copyright Office on or about October 21, 2013. A true and correct copy of the Registration Certificate, bearing Registration Number TX 7-740-672, is attached hereto as **Exhibit 1**.

27.     **Windows 7:** Microsoft has developed, advertises, markets, distributes, and licenses a computer operating system called Microsoft Windows 7 ("Windows 7"). Windows 7 is available in a number of different versions including Windows 7 Ultimate, Windows 7 Professional, Windows 7 Home Premium, and Windows 7 Enterprise. Microsoft holds a valid copyright in Windows 7, the most expansive version of Windows 7. As a result, Microsoft's copyright in Windows 7 encompasses all other versions of Windows 7. Microsoft's copyright in Windows 7 was duly and properly registered with the United States Copyright Office on or about November 11, 2009. A true and correct copy of the Registration Certificate for Microsoft Windows 7 Ultimate, bearing the number TX 7-009-361, is attached as **Exhibit 2**.

28.     **Microsoft Office 2010:** Microsoft has developed, advertises, markets, distributes, and licenses a suite of productivity software for business, home, and educational use called Microsoft Office 2010 ("Office 2010"). Office 2010 is available in a number of different versions, each of which includes certain combinations of products, programs, and features. Versions of Office 2010 include, but are not limited to, Office Professional 2010, Office Professional Home and Business 2010, Office Home and Business 2010, Office Home and Student 2010, Office Professional Academic 2010, and Office Professional Plus 2010. Microsoft holds a valid copyright in Office Professional Plus 2010, the most expansive version of Office 2010, and this copyright encompasses all versions of Office 2010. Microsoft's copyright in Office Professional Plus 2010 was duly and properly registered with the United States Copyright Office on or about May 28, 2010. A true and correct copy of the Registration Certificate, bearing the number TX 7-151-840, is attached hereto as **Exhibit 3**.

29.     **Office for Mac 2011:** Microsoft has developed, advertises, markets, distributes, and licenses a suite of productivity software for business, home, and educational use called

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

Microsoft Office for Mac 2011 ("Office for Mac 2011").  Office for Mac 2011 is available in a number of different versions, each of which includes certain combinations of products, programs, and features.  Versions of Office for Mac 2011 include, but are not limited to, Office for Mac Standard 2011, Office for Mac Home and Business 2011, Microsoft Office for Mac Home and Student 2011, and Office for Mac Academic 2011.  Microsoft holds a valid copyright in Office for Mac Standard 2011, the most expansive version of Office for Mac 2011.  As a result, Microsoft's copyright in Office for Mac Standard 2011 encompasses all other versions of Office for Mac 2011.  Microsoft's copyright in Office for Mac Standard 2011 was duly and properly registered with the United States Copyright Office on or about December 2, 2010.  A true and correct copy of the Registration Certificate for Microsoft Office for Mac Standard 2011, bearing the number TX 7-370-339, is attached as **Exhibit 4**.

30.     **Microsoft Office 2013:**  Microsoft has developed, advertises, markets, distributes, and licenses a suite of productivity software for business, home, and educational use called Microsoft Office 2013 ("Office 2013").  Office 2013 is available in a number of different versions, each of which includes certain combinations of products, programs, and features.  Versions of Office 2013 include, but are not limited to, Office Professional 2013, Office Professional Home and Business 2013, Office Home and Business 2013, Office Home and Business 2013, and Office Professional Plus 2013.  Microsoft holds a valid copyright in Office Professional 2013, the most expansive version of Office 2013, and this copyright encompasses all versions of Office 2013.  Microsoft's copyright in Office Professional 2013 was duly and properly registered with the United States Copyright Office on or about March 13, 2013.  A true and correct copy of the Registration Certificate, bearing the number TX 7-649-882, is attached hereto as **Exhibit 5**.

31.     **Microsoft PowerPoint 2010:**  Microsoft has developed, advertises, markets, and licenses a software program called Microsoft PowerPoint 2010 ("PowerPoint 2010).  Microsoft holds a valid copyright in PowerPoint 2010 which was duly and properly registered

COMPLAINT - 8

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

with the United States Copyright Office on or about June 17, 2010.  A true and correct copy of the Registration Certificate, bearing number TX-7-219-973, is attached hereto as **Exhibit 6**.

32.  **Microsoft Office Project Professional 2007:**  Microsoft has developed, advertises, markets, and licenses a software program called Microsoft Office Project 2007 ("Project 2007).  Microsoft holds a valid copyright in Office Project Professional 2007, the most expansive version of Project 2007, and this copyright encompasses all versions of Project 2007.  Microsoft's copyright in Office Project Professional 2007 was duly and properly registered with the United States Copyright Office on or about March 30, 2007.  A true and correct copy of the Registration Certificate, bearing the number TX 6-524-397, is attached hereto as **Exhibit 7**.

33.  Microsoft has also duly and properly registered a number of trademarks and service marks in the United States Patent and Trademark Office on the Principal Register, including without limitation:

a.  "MICROSOFT," Trademark and Service Mark Registration No. 1,200,236, for computer programs and computer programming services;

b.  "MICROSOFT (STYLIZED) AND DESIGN," Trademark and Service Mark Registration No. 4,552,363, for computer programs and computer programming services;

c.  "MICROSOFT DESIGN (Color)," Trademark and Service Mark Registration No. 4,560,827, for computer operating system programs and utilities, etc.;

d.  "WINDOWS," Trademark Registration No. 1,872,264 for computer programs and manuals sold as a unit;

e.   "FLAG DESIGN TWO (COLOR)," Trademark Registration No. 2,744,843, for computer software;

f.  "FLAG DESIGN (2012)," Trademark Registration No. 4,400,958, for computer software;

g.  "MICROSOFT OFFICE," Trademark Registration No. 3,625,391, for computer productivity software;

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

h.     "OFFICE 2010 DESIGN," Trademark Registration No. 4,029,299, for computer productivity software;

i.     "OFFICE (W/OFFICE 2012 DESIGN)," Trademark Registration No. 4,456,462, for computer productivity software;

j.     "OFFICE 2012 DESIGN," Trademark Registration No. 4,459,826, for computer productivity software;

k.     "WINDOWS 8 PACKAGING," Trademark Registration No. 4,476,005, for computer programs and manuals sold as a unit;

l.     "ACCESS," Trademark Registration No. 3,238,869, for computer database management software;

m.     "ACCESS LAUNCH ICON (2012)" Trademark Registration No. 4,365,955, for computer database management software;

n.     "POWERPOINT," Trademark Registration No. 4,247,252, for computer software programs for creating presentations, graphics and videos; and

o.     "POWERPOINT LAUNCH ICON (2010)" Trademark Registration No. 3,905,561, for computer software programs for creating presentations, graphics and videos.

True and correct copies of the Trademark Registrations for (a) through (p) above are attached as **Exhibits 8 through 23**, respectively (the "Microsoft Marks").

C.     **Product Activation**

34.     Like many other software developers, Microsoft has implemented a wide range of initiatives to protect its customers and combat theft of its intellectual property.  One such initiative is Microsoft's product activation system which enables activation of software through genuine product activation keys.  Because Microsoft's copyrighted software is capable of being installed on multiple computers, Microsoft relies on the product activation process to detect piracy and protect consumers from the risks of non-genuine software.

35.     A Microsoft product activation key is a 25-character alphanumeric string generated by Microsoft and provided to customers as part of their purchase of licensed

COMPLAINT - 10

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

software.  As a part of the installation process, customers enter their product activation key to activate the software.  Product activation keys are a necessary component of the software as, without them, the software either cannot be accessed and installed or will remain in an unactivated "trial" state.

36.     One prevalent form of software piracy is the unauthorized and unlawful distribution of decoupled Microsoft product activation keys improperly obtained from Microsoft's supply chain.  The global black market for decoupled product activation keys generates millions of dollars of illicit revenues for distributors.  The unlawful sellers of decoupled product activation keys frequently distribute the keys to their customers via email and provide a download link for them to obtain the software digitally.  These download links are to either unauthorized download sites hosting counterfeit software or to one of Microsoft's own download sites.  Distributors of decoupled product activation keys frequently use advertising designed to deceive customers into believing they are acquiring genuine, licensed software when, in fact, they are not.  Defendants' activities fit squarely within this pattern.

37.     Product activation is a technological tool used by Microsoft to protect its intellectual property from piracy and other forms of abuse.  Product keys are not a software license, nor do they constitute authorization from Microsoft to access or use software, unless the software is legally licensed.  Microsoft does not sell product activation keys without an accompanying software license and did not authorize Defendants to distribute decoupled product activation keys separately from the software they were originally intended and authorized to activate.  On information and belief, Defendants knew, intended, and directed their customers to use the decoupled product activation keys to activate unlicensed copies of Microsoft software.

**D.     Defendants' False and Misleading Advertising and Infringing Use of Microsoft Trademarks**

38.     Defendants' websites are replete with representations designed to convince customers that they are a legitimate supplier of Microsoft software.

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

39.     Defendants' websites represent that they sell genuine Microsoft products for a lower price than their competition.  The front page of SoftwareKing.com advertises as follows:

a.      "We've got your bases covered with multiple versions of the 2013 Microsoft Office Suite!"  The Software King, http://www.SoftwareKing.com (last visited December 7, 2016).

b.      "Software King: Your Trusted Online Leader."  The Software King, http://www.SoftwareKing.com (last visited December 7, 2016).

c.      "Buy Microsoft Office & Microsoft Windows Cheap – Software King."  The Software King, http://www.SoftwareKing.com (last visited December 7, 2016).

d.      "There's no reason to overpay, and we guarantee you won't find a better price anywhere else."  The Software King, http://www.SoftwareKing.com (last visited December 7, 2016).

e.      "Software King lets you buy Microsoft Office, including Microsoft Office 2010, Microsoft Office 2013, Microsoft Windows 7, Windows 7 Versions, OEM products and many other products online."  The Software King, http://www.SoftwareKing.com (last visited December 7, 2016).

f.      "As soon as you complete your purchase, you'll receive your online product key.  It's simple, fast and backed by our support team who are available to assist you in anyway."  The Software King, http://www.SoftwareKing.com (last visited December 7, 2016).

g.      "We have a hard-earned reputation as a trusted and legitimate business -- the online leader for high quality software.  That's the Software King difference."  The Software King, http://www.SoftwareKing.com (last visited December 7, 2016).

40.     SoftwareKing.com also states that "Almost all of the fantastic software available from SoftwareKing can be instantly downloaded to your computer with our secure digital downloads.  It has never been quicker or easier to get the great software you want."  The Software King, http://www.SoftwareKing.com/digital-downloads (last visited December 7, 2016).

COMPLAINT - 12

41.     Defendants' website and sales material also display the above-listed Microsoft Marks without a license or other authorization from Microsoft.  This unauthorized use of the world-famous Microsoft Marks is designed to add credibility to Defendants' representations and convince the public that they are a genuine supplier of Microsoft software and to confuse consumers about the source, sponsorship, affiliation and approval of the software and/or related components by Microsoft.

**E.      Microsoft's Test Purchases from Defendants**

42.     Microsoft has conducted six test purchases from Defendants of eleven decoupled product activation keys for Microsoft software.  In each instance, the decoupled product activation keys distributed by Defendants were issued by Microsoft for printing and distribution on physical software packaging and labels.  In all but one of the test purchases, Defendants directed Microsoft's investigator to download the software from a download site that is not authorized by Microsoft to host copies of Microsoft software or facilitate the distribution of that software.  In several instances, as described below, Defendants also offered Microsoft's investigator the option of obtaining the software directly from one of Microsoft's own download sites; however, those sites are not intended nor authorized to be used to access software with a decoupled product activation key.

**Test Purchase 1
(Microsoft Exhibit Management Number 80143)**

43.     On or about July 23, 2015, SWK, through its website SoftwareKing.com, sold a Microsoft investigator a decoupled product activation key for Office 2010 Professional for $349.99.  The investigator received an email from sales@SoftwareKing.com, which provided the investigator with a product key and instructions to download the software directly from either http://goo.gl/PNFaFw, that redirects users to http://goo.gl/https://drive.google.com/uc?export=download&amp;confirm=ZQ-g&amp;id=0B1reOFwbq8h6cGdENTE4aXRYYmc, for the 32-bit version of the software or http://goo.gl/eap6SG, that redirects users to http://goo.gl/https://docs.google.com/uc?export=download&amp;confirm=GcZw&amp;id=0B1

COMPLAINT - 13

reOFwbq8h6RjBnWTREcWxPeDg, for the 64-bit version.  These sites, which are hosted on a US-based server, are not authorized by Microsoft to host copies of Microsoft software or facilitate the distribution of that software.

44.     The Office 2010 Pro product activation key sold by Defendants is a retail key issued by Microsoft which the Defendants sold without licensed software or any of the software packaging and components, including the original proof of purchase, in violation of the terms of the applicable software license.

45.     The Office 2010 product activation key was used to activate, and attempt to active, Microsoft software on four different devices from November 20, 2010, to October 16, 2015.  None of these activations and activation attempts were performed by Microsoft's investigator and three of them occurred prior to Defendants' distribution of the key to the investigator.  This activation behavior is consistent with the key having been distributed to multiple customers and then used by those customers to active, or attempt to activate, more copies of software than the two copies permitted by the Office 2010 software license.

46.     Microsoft did not authorize Defendants to distribute the Office 2010 Professional decoupled product activation key or to direct their customers to an unauthorized download site to obtain Microsoft software.

47.     On information and belief, Defendants have distributed and continue to distribute other Office 2010 Professional decoupled product activation keys and have directed their customers to acquire their software from unauthorized websites.

**Test Purchase 2**
**(Microsoft Exhibit Management Numbers 82960.1 & 82960.2)**

48.     On or about July 29, 2016, SWK, through its website SoftwareKing.com, sold a Microsoft investigator decoupled product activation keys for Windows 8.1 Professional and Office 2010 Professional for USD $139.99 and $349.99, respectively.

49.     The investigator received two separate emails from sales@SoftwareKing.com.  The first of these provided the investigator with a Windows 8.1 Professional decoupled product activation key and instructions to download the software either directly from a Microsoft

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

software download site or the download sites http://tinyurl.com/win8-1probit32, that redirects users to https://s3.amazonaws.com/swk-downloads/Windows8.1prox32.iso, for the 32-bit version of the software or http://tinyurl.com/win8-1probit64, that redirects users to https://s3.amazonaws.com/swk-downloads/Windows8.1pro.iso, for the 64-bit version of the software.  These sites, which are hosted on a US-based server, are not authorized by Microsoft to host copies of Microsoft software or facilitate the distribution of Microsoft software.

50.     The Windows 8.1 Professional decoupled product activation key sold by SWK is a retail key issued by Microsoft which the Defendants sold without licensed software or any of the software packaging and components, including the original proof of purchase, in violation of the terms of the applicable software license.

51.     The second email provided the investigator with a decoupled product activation key for Office Professional 2010 and instructions to download the software from http://we.tl/I9pzim4dxr, that redirects users to https://www.wetransfer.com/downloads/53470e697a886b6659d1fda32e0c3fed20160112002844/242c92, for the 32-bit version of the software or http://we.tl/0Q5x4qyLAg, that redirects users to https://download.wetransfer.com/wetransfer-us1/d23e2fef561f3eaba981930a256e661720151109232804/Office2010Installerx64.exe?expiration=1470340494&escaped=true&signature=3a382a85f4894b0807ed77a5ed7331978e9cc79f35bc21c58d3f0520a9c1e1a5&filename=Office2010Installerx64.exe, for the 64-bit version of the software.  These sites which on information and belief, are hosted on a US or Dutch-based server, are not authorized by Microsoft to host copies of Microsoft software or facilitate the distribution of Microsoft software.

52.     The Office Professional 2010 decoupled product activation key is a retail key issued by Microsoft which the Defendants sold separate from its retail license and packaging.

53.     Microsoft did not authorize Defendants to distribute the Windows 8.1 Professional or Office Professional 2010 decoupled product activation keys or to direct their customer to an unauthorized download site to obtain Microsoft software.

COMPLAINT - 15

54.     On information and belief, Defendants have distributed and continue to distribute other Windows 8.1 Professional and Office Professional 2010 decoupled product activation keys and have directed their customers to acquire their software from unauthorized websites.

**Test Purchase 3**
**(Microsoft Exhibit Management Numbers 82967.1 and 82967.2)**

55.     On or about July 29, 2016, SWK, through its website SoftwareKing.com, sold a Microsoft investigator decoupled product activation keys for Windows 7 Professional and Project 2007 Standard for $109.99 and $249.99, respectively.

56.     The investigator received two separate emails from sales@SoftwareKing.com. The first of these provided the investigator with the Windows 7 Professional decoupled product activation key and instructions to download the software either from the download sites http://we.tl/IpqcUio7iF, that redirects users to https://download.wetransfer.com/wetransfer-us1/b5ff91d1bd43baec6771f4b56797d88820151122014619/win7prox32.iso?expiration=14706 78180&escaped=true&signature=ed1df3ef0a96d759bda39995a79800cbbd4dc536048a36545e9 342d04be4dcc6&filename=win7prox32.iso30, for the 32-bit version of the software or http://we.tl/IISsfeWR1p for the 64-bit version of the software.  These sites, which on information and belief, are hosted on a US or Dutch-based server, are not authorized by Microsoft to host copies of Microsoft software or facilitate the distribution of Microsoft software.

57.     The Windows 7 Professional decoupled product activation key is a Commercial Original Equipment Manufacturer (COEM) key issued by Microsoft which the Defendants sold without its COEM license and packaging and distributed separately from a device installed with licensed software, all in violation of the terms of the applicable software license.

58.     The Windows 7 Professional decoupled product activation key was used to activate, and attempt to active, Microsoft software on three different devices from August 7, 2016, to August 27, 2016.  None of these activations and activation attempts were performed by Microsoft's investigator and all of them took place after Defendants' distribution of the key

COMPLAINT - 16

to the investigator.  This activation behavior is consistent with the key having been distributed to multiple customers and then used by those customers to active, or attempt to activate, more copies of software the one copy permitted by the Windows 7 Professional OEM software license.

59.     The second email provided the investigator with a decoupled product activation key for Project 2007 Standard and instructions to download the software from http://tinyurl.com/swkprojectstd2007, that redirects users to https://s3.amazonaws.com/swk-downloads/proj2k7std.exe.  This site, which is hosted on a US-based server, is not authorized by Microsoft to copy or facilitate the distribution of Microsoft software.

60.     The Project 2007 Standard decoupled product activation key is a retail key issued by Microsoft which the Defendants sold without licensed software or any of its packaging and components, in violation of the terms of the applicable license.

61.     Microsoft did not authorize Defendants to distribute the Windows 7 Professional or Project 2007 Standard decoupled product activation keys or to direct their customer to an unauthorized download site to obtain software.

62.      On information and belief, Defendants have distributed and continue to distribute other Windows 7 Professional and Project 2007 Standard decoupled product activation keys and have directed their customers to acquire their software from unauthorized websites.

**Test Purchase 4**
**(Microsoft Exhibit Management Number 82994)**

63.     On or about August 1, 2016, SWK, through its website SoftwareKing.com, sold a Microsoft investigator a PowerPoint 2010 decoupled product activation key for $99.99.  The investigator received an email from sales@SoftwareKing.com, which provided the investigator with the product key and instructions to download the software from http://tinyurl.com/amapowerpoint2010, that redirects users to https://s3.amazonaws.com/swk-downloads/Powerpoint2010.exe.  This site, which is hosted on a US-based server, is not

COMPLAINT - 17

authorized by Microsoft to host copies of Microsoft software or facilitate the distribution of Microsoft software.

64.    The PowerPoint 2010 decoupled product activation key is a retail key issued by Microsoft which the Defendants sold without licensed software or any of the software packaging and components, including the original proof of purchase, in violation of the terms of the applicable software license.

65.    Microsoft did not authorize Defendants to distribute the PowerPoint 2010 decoupled product activation key or to direct their customer to an unauthorized download site to obtain software.

66.    On information and belief, Defendants have distributed and continue to distribute other PowerPoint 2010 decoupled product activation keys and have directed their customers to acquire their software from unauthorized websites.

**Test Purchase 5**
**(Microsoft Exhibit Management Number 82993)**

67.    On or about August 1, 2016, SWK, through its website SoftwareKing.com, sold a Microsoft investigator an Office for Mac 2011 Home and Student decoupled product activation key for $94.99.  The investigator received an email from sales@SoftwareKing.com, which provided the investigator with the product key and instructions to download the software directly from a Microsoft software download site or a download site located at http://tinyurl.com/swkoffice2011hs, that redirects user to https://s3.amazonaws.com/swk-downloads/office2011hs.dmg.  The latter site, which is hosted on a US-based server, is not authorized by Microsoft to host copies of Microsoft software or facilitate the distribution of Microsoft software.

68.    The Office for Mac 2011 Home and Student product activation key was a genuine retail key issued by Microsoft which Defendants sold without licensed software or any of the software packaging and components, including the original proof of purchase, in violation of the terms of the applicable software license.

COMPLAINT - 18

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

69.     Microsoft did not authorize Defendants to distribute the Office for Mac 2011 Home and Student decoupled product activation key or to direct their customer to Microsoft's software download site or an unauthorized download site to obtain software.

70.     By distributing this decoupled product activation key, Defendants contributed to and induced the direct infringement of Microsoft's copyright in that software.  On information and belief, Defendants have distributed and continue to distribute other Office for Mac 2011 Home and Student decoupled product activation keys and have directed their customers to acquire their software from unauthorized websites.

**Test Purchase 6**
**(Microsoft Exhibit Management Numbers 82995.1 and 82995.2)**

71.     On or about August 1, 2016, SWK, through its website SoftwareKing.com, sold a Microsoft investigator two Microsoft Windows 8.1 decoupled product activation keys and two tokens for Office 2013 Home and Business software for $109.99 and $264.99 each, respectively.  The investigator received two emails from sales@SoftwareKing.com that provided the investigator with the tokens and Windows 8.1 decoupled product keys.  The emails also instructed the investigator to download the software from the Microsoft download sites for Office and from two different unauthorized sites for Windows: http://tinyurl.com/win8-1bit32, that redirects users to https://s3.amazonaws.com/swk-downloads/Windows8.1x32.iso, for the 32 version of the software or http://tinyurl.com/win8-1bit64, that redirects users to https://s3.amazonaws.com/swk-downloads/Windows8.1x64.iso, for the 64 bit version of the software.  These sites, which are hosted on US-based servers, are not authorized by Microsoft to host copies of Microsoft software or facilitate the distribution of Microsoft software.  Furthermore, the Microsoft site is not intended nor authorized to be used by customers to access unlicensed software with a decoupled retail tokens.

72.     The two Office 2013 Home and Business tokens were genuine retail tokens issued by Microsoft which Defendants sold without licensed software or any of the software packaging and components, including the original proof of purchase, in violation of the terms of the applicable software license.

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

73.     The two Windows 8.1 decoupled product activation keys are COEM keys issued by Microsoft which the Defendants sold separate from their COEM license and packaging.

74.     Microsoft did not authorize Defendants to distribute the Windows 8.1 decoupled product activation keys and Office 2013 Home and Business decoupled retail tokens or to direct their customer to unauthorized download sites to obtain software.

75.     On information and belief, Defendants have distributed and continue to distribute other Windows 8.1 Professional decoupled product activation keys and Office 2013 Home and Business decoupled retail tokens and have directed their customers to acquire their software from unauthorized websites.

## V.     CAUSES OF ACTION

### First Claim
### Copyright Infringement – 17 U.S.C. §§ 501, et seq.

76.     Microsoft is the sole owner of (1) Microsoft Windows 8.1 Professional; (2) Microsoft Office Professional 2010; (3) Microsoft Office Home and Business 2013; (4) Microsoft PowerPoint 2010; (5) Microsoft Office for Mac Home and Student 2011; (6) Microsoft Windows 7 Professional; (7) Microsoft PowerPoint 2010; and (8) Microsoft Project Standard 2007, and of the corresponding copyrights and Certificates of Registration with the registration numbers listed above.

77.     Defendants have infringed the foregoing Microsoft copyrights by copying and hosting unlicensed copies of Microsoft software for download by Defendants' customers without Microsoft's authorization.

78.     At a minimum, Defendants acted with willful blindness to, or in reckless disregard of, Microsoft's registered copyrights.

79.     On information and belief, Defendants have committed, and continue to commit, acts constituting the infringement the Microsoft copyrights described above.

80.     As a result of Defendants' wrongful conduct, Microsoft is entitled to recover its actual damages and Defendants' profits attributable to the infringement.  Alternatively, Microsoft is entitled to statutory damages under 17 U.S.C. § 504(c).

COMPLAINT - 20

81.     The award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

82.     Microsoft is further entitled to injunctive relief and an order impounding all infringing materials.  Microsoft has no adequate remedy at law for Defendants' wrongful conduct because, among other things: (a) Microsoft's copyright is unique and valuable property which has no readily determinable market value; (b) Defendants' infringement harms Microsoft such that Microsoft could not be made whole by any monetary award; and (c) Defendants' wrongful conduct, and the resulting damage to Microsoft, is continuing.

<u>Second Claim</u>
**Contributory Copyright Infringement – 17 U.S.C. §§ 501, et seq.**

83.     Microsoft is the sole owner of (1) Microsoft Windows 8.1 Professional; (2) Microsoft Office Professional 2010; (3) Microsoft Office Home and Business 2013; (4) Microsoft PowerPoint 2010; (5) Microsoft Office for Mac Home and Student 2011; (6) Microsoft Windows 7 Professional; (7) Microsoft PowerPoint 2010; and (8) Microsoft Project Standard 2007, and of the corresponding copyrights and Certificates of Registration with the registration numbers listed above.

84.     Defendants have contributed to the infringement of the foregoing Microsoft copyrights by instructing their customers to download Microsoft software from unauthorized download sites on which Defendants hosted, or facilitated the hosting of, unlicensed copies of Microsoft software.  Defendants have further contributed to the infringement of the foregoing Microsoft copyrights by distributing decoupled product activation keys in the United States of America without approval or authorization from Microsoft to end users and directing those end users to download and activate software that they are not licensed to use with the decoupled product activation keys.

85.     At a minimum, Defendants acted with willful blindness to, or in reckless disregard of, Microsoft's registered copyrights.

86.     On information and belief, Defendants have committed, and continue to commit, acts contributing to the infringement of the Microsoft copyrights described above.

COMPLAINT - 21

87.     As a result of Defendants' wrongful conduct, Microsoft is entitled to recover its actual damages and Defendants' profits attributable to the infringement.  Alternatively, Microsoft is entitled to statutory damages under 17 U.S.C. § 504(c).

88.     The award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

89.     Microsoft is further entitled to injunctive relief and an order impounding all infringing materials.  Microsoft has no adequate remedy at law for Defendants' wrongful conduct because, among other things:  (a) Microsoft's copyright is unique and valuable property which has no readily determinable market value; (b) Defendants' infringement harms Microsoft such that Microsoft could not be made whole by any monetary award; and (c) Defendants' wrongful conduct, and the resulting damage to Microsoft, is continuing.

## Third Claim
### Trademark Infringement – 15 U.S.C. § 1114

90.     Defendants' activities constitute infringement of Microsoft's federally registered trademarks with the registration numbers listed above.  Microsoft advertises, markets, distributes, and licenses its software and related components under the trademarks described above, and uses these trademarks to distinguish Microsoft's software and related components from the software or products of others in the same field or related fields.  Because of Microsoft's long, continuous, and exclusive use of these trademarks, they have come to mean, and are understood by customers, end users, and the public to signify, software programs and related components or services of Microsoft.

91.     Defendants have been, and continue to be, involved in using Microsoft's registered trademarks in advertising, marketing, and/or offering Microsoft software and product activation keys to be used by customers, without Microsoft's authority, to activate unlicensed and pirated software. Defendants are not licensed to use these registered trademarks.

92.     Defendants' use of the trademarks in advertising, marketing and offering software and product activation keys is likely to cause confusion, mistake, or deception as to their source, origin, or authenticity and the source, origin or authenticity of the unlicensed and

COMPLAINT - 22

pirated software that Defendants contribute to and induce their customers to download and activate.

93.     Further, Defendants' activities are likely to lead the public to conclude, incorrectly, that the infringing materials that Defendants are advertising, marketing, installing, offering, and/or distributing originate with or are authorized by Microsoft, thereby harming Microsoft, its licensees, and the public.

94.     At a minimum, Defendants acted with willful blindness to, or in reckless disregard of, Microsoft's registered marks.

95.     As a result of Defendants' wrongful conduct, Microsoft is entitled to recover its actual damages, Defendants' profits attributable to the infringement, and treble damages and attorney fees pursuant to 15 U.S.C. § 1117(a) and (b).  Alternatively, Microsoft is entitled to statutory damages under 15 U.S.C. § 1117(c).

96.     Microsoft is further entitled to injunctive relief and an order compelling the impounding of all infringing and unauthorized materials.  Microsoft has no adequate remedy at law for Defendants' wrongful conduct because, among other things:  (a) Microsoft's trademarks and service mark are unique and valuable property that have no readily determinable market value; (b) Defendants' infringement constitutes harm to Microsoft's reputation and goodwill such that Microsoft could not be made whole by any monetary award; (c) if Defendants' wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin or authenticity of the infringing materials; and (d) Defendants' wrongful conduct, and the resulting harm to Microsoft, is continuing.

### Fourth Claim
### Trade Dress Infringement – 15 U.S.C. § 1125, *et seq.*

97.     Microsoft's trade dress—specifically, the product packaging and design for its software—is used in commerce, is non-functional, is inherently distinctive, and has acquired secondary meaning in the marketplace.

COMPLAINT - 23

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

98.     Microsoft's trade dress has acquired secondary meaning is the marketplace as a result of Microsoft's extensive advertising, Microsoft's sales success, and the length and exclusivity with which Microsoft has used its product packaging and design, among other factors.

99.     Defendants are unfairly competing with Microsoft by adopting and advertising infringing trade dress to identify their goods and services.

100.    The intent and result of Defendants' actions are to create the impression and perception that Defendants' goods and services emanate from or are endorsed by Microsoft, causing confusion, mistake, and deception among the public as to the source and origin of those goods and services.

101.    Defendants' actions are intended to cause, have caused, and are likely to cause confusion, mistake, deception among consumers, the public, and the trade who recognize and associate Microsoft trade dress with Microsoft.

102.    Moreover, Defendants' conduct is likely to cause confusion, to cause mistake, or to deceive consumers, the public, and the trade as to the source of the infringing products, or as to a possible affiliation, connection, or association between Microsoft, Defendants, and the infringing products.

103.    Defendants' use of an infringing trade dress has caused, and unless restrained, will continue to cause injury to Microsoft.

104.    By using the same or a confusingly similar trade dress, Defendants have misrepresented the nature, origin, characteristics, and quality of their products, in violation of the Lanham Act (15 U.S.C. § 1125(a)).

105.    By reason of Defendants' actions, Microsoft has suffered and will continue to suffer irreparable harm for which it has no adequate remedy at law, and thus, Microsoft is entitled to injunctive relief.

COMPLAINT - 24

106.    As a result of Defendants' wrongful conduct, Microsoft is entitled to recover its actual damages, Defendants' profits, and treble damages and attorney fees pursuant to 15 U.S.C. § 1117.

### Fifth Claim

### False Designation of Origin, False and Misleading Description or Representation of Fact – 15 U.S.C. § 1125, et seq.

107.    Microsoft advertises, markets, distributes, and licenses its software and related components under the trademarks described above, and uses these trademarks to distinguish Microsoft's software and related components from the software or products of others in the same field or related fields.

108.    Because of Microsoft's long, continuous, and exclusive use of these trademarks and service marks, they have come to mean, and are understood by customers, end users, and the public to signify software or services of Microsoft.

109.    Microsoft has also designed distinctive and aesthetically pleasing displays, logos, icons, graphic images, and packaging (collectively, "Microsoft visual designs") for its software programs and related components.

110.    On information and belief, Defendants' wrongful conduct includes the use of Microsoft's marks, name, and/or imitation visual designs (specifically displays, logos, icons, graphic designs, and/or packaging virtually indistinguishable from Microsoft visual designs) in connection with their goods and services.

111.    On information and belief, Defendants engaged in such wrongful conduct with the purpose of misleading or confusing customers and the public as to the origin and authenticity of the goods and services advertised, marketed, installed, offered or distributed in connection with Microsoft's marks, name, and imitation visual designs, and of trading upon Microsoft's goodwill and business reputation.  Defendants' conduct constitutes (a) false designation of origin, (b) false or misleading representation or description, and (c) false or misleading representation that the imitation visual images originate from or are authorized by Microsoft, all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

112.    Defendants' wrongful conduct is likely to continue unless restrained and enjoined.

113.    As a result of Defendants' wrongful conduct, Microsoft is entitled to recover its actual damages, Defendants' profits, and treble damages and attorney fees pursuant to 15 U.S.C. § 1117.

114.    Further, Microsoft is entitled to injunctive relief and to an order compelling the impounding of all imitation marks and visual designs being used, advertised, marketed, installed, offered or distributed by Defendants.  Microsoft has no adequate remedy at law for Defendants' wrongful conduct because, among other things:  (a) Microsoft's marks, name and visual designs are unique and valuable property which have no readily determinable market value; (b) Defendants' advertising, marketing, installation, or distribution of imitation visual designs constitutes harm to Microsoft such that Microsoft could not be made whole by any monetary award; and (c) Defendants' wrongful conduct, and the resulting damage to Microsoft, is continuing.

**Sixth Claim**

**Unfair Competition & False Advertising – 15 U.S.C. § 1125(a)**

115.    Defendants have made false and misleading representations and descriptions of fact in connection with the offering for sale and sale of unlicensed Microsoft software through their websites, including without limitation, that Defendants are offering licensed Microsoft software.

116.    Defendants' false and misleading representations and descriptions of fact were made in commercial advertising or promotion, including without limitation, in connection with the offering for sale and sale of unlicensed Microsoft software through their websites.

117.    Defendants' false and misleading representations and descriptions of fact misrepresent the nature, characteristics, qualities, or origin of their goods, services, and commercial activities.

118.    Defendants' use of Microsoft's copyrights and trademarks referenced above and its false and misleading representations and descriptions of fact in interstate commerce in

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

connection with its offering for sale of unlicensed Microsoft software has either deceived or has the capacity to deceive a substantial segment of potential consumers, and such deception is material, in that it is likely to influence the consumers' purchasing decisions.

119.     Defendants have used, and continue to use, Microsoft's copyrights and trademarks referenced above to compete unfairly with Microsoft and to deceive customers.

120.     Defendants' conduct constitutes false advertising and federal unfair competition, in violation of 15 U.S.C. § 1125(a).

121.     Defendants' wrongful conduct is likely to continue unless restrained and enjoined.

122.     As a result of Defendants' wrongful conduct, Microsoft is entitled to recover its actual damages, Defendants' profits, and treble damages and attorney fees pursuant to 15 U.S.C. § 1117.

123.     Further, Microsoft is entitled to injunctive relief and to an order directing Defendants to stop representing or implying that they are offering licensed Microsoft software. Microsoft has no adequate remedy at law for Defendants' wrongful conduct because, among other things:  (a) Defendants' advertising, marketing, installation, or distribution of unlicensed Microsoft software constitutes harm to Microsoft such that Microsoft could not be made whole by any monetary award; and (b) Defendants' wrongful conduct, and the resulting damage to Microsoft, is continuing.

## Seventh Claim
### Imposition of a Constructive Trust

124.     Defendants' conduct constitutes deceptive and wrongful conduct in the nature of passing off the infringing materials as genuine Microsoft software or related components approved or authorized by Microsoft.

125.     By virtue of Defendants' wrongful conduct, Defendants have illegally received money and profits that rightfully belong to Microsoft.

COMPLAINT - 27

126.    On information and belief, Defendants hold the illegally received money and profits in the form of bank accounts, real property, or personal property that can be located and traced.  All such money and profits, in whatever form, are held by Defendants as a constructive trustee for Microsoft.

**Eighth Claim**
**Accounting**

127.    Microsoft is entitled, pursuant to 17 U.S.C. § 504 and 15 U.S.C. § 1117, to recover any and all profits of Defendants that are attributable to the acts of infringement.

128.    Microsoft is entitled, pursuant to 17 U.S.C. § 504 and 15 U.S.C. § 1117, to actual damages or statutory damages sustained by virtue of Defendants' acts of infringement.

129.    The amount of money due from Defendants to Microsoft is unknown to Microsoft and cannot be ascertained without a detailed accounting by Defendants of the precise number of units of infringing material advertised, marketed, installed, offered or distributed by Defendants.

**VI.    PRAYER FOR RELIEF**

130.    WHEREFORE, Microsoft respectfully prays for the following relief:

131.    That the Court enter judgment in Microsoft's favor on all claims;

132.    That the Court restrain and enjoin Defendants, their directors, principals, officers, agents, representatives, employees, attorneys, successors and assigns, and all others in active concert or participation with it, from:

a.    copying or making any other infringing use or infringing distribution of Microsoft's software, decoupled product activation keys, and other intellectual property including but not limited to the software identified by the Trademark, Service Mark, and Copyright Registration Numbers listed above;

b.    manufacturing, assembling, producing, distributing, offering for distribution, circulating, selling, offering for sale, advertising, importing, promoting, or displaying any Microsoft software or other intellectual property bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of any of Microsoft's registered trademarks, service

COMPLAINT - 28

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

mark, or copyrights, including, but not limited to, the Trademark, Service Mark, and Copyright Registration Numbers listed above;

c.     using any simulation, reproduction, counterfeit, copy, or colorable imitation of Microsoft's registered trademarks, service mark, or copyrights including, but not limited to the Trademark, Service Mark, and Copyright Registration Numbers listed above, in connection with the manufacture, assembly, production, distribution, offering for distribution, circulation, sale, offering for sale, import, advertisement, promotion, or display of any software, component, and/or other item not authorized or licensed by Microsoft;

d.     using the same or a confusingly similar trade dress to Microsoft's trade dress and thereby misrepresenting the nature, origin, characteristics, and quality of their products;

e.     using any false designation of origin or false or misleading description or false or misleading representation that can or is likely to lead the trade or public or individuals erroneously to believe that any software, component, and/or other item has been manufactured, assembled, produced, distributed, offered for distribution, circulation, sold, offered for sale, imported, advertised, promoted, displayed, licensed, sponsored, approved, or authorized by or for Microsoft, when such is not true in fact;

f.     engaging in any other activity constituting an infringement of any of Microsoft's trademarks, service mark and/or copyrights, or of Microsoft's rights in, or right to use or to exploit, these trademarks, service mark, and/or copyrights; and

g.     assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities listed above;

133.     That the Court enter an order pursuant to 15 U.S.C. § 1116 and 17 U.S.C. § 503 impounding all counterfeit and/or infringing copies of purported Microsoft software and/or materials bearing any of Microsoft's trademarks or service marks, and any related item, including business records, that are in Defendants' possession or under their control;

134.     That the Court enter an order declaring that Defendants hold in trust, as constructive trustees for the benefit of Microsoft, the illegal profits obtained from their

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

distribution of counterfeit and infringing copies of Microsoft's software, and requiring

Defendants to provide Microsoft a full and complete accounting of all amounts due and owing

to Microsoft as a result of Defendants' unlawful activities;

135.    That Defendants be required to pay all general, special, actual, and statutory

damages which Microsoft has sustained, or will sustain, as a consequence of Defendants'

unlawful acts, and that such damages be enhanced, doubled, or trebled as provided for by 17

U.S.C. § 504(c) and 15 U.S.C. § 1117(b);

136.    That Defendants be required to pay to Microsoft both the costs of this action and

the reasonable attorneys' fees incurred by Microsoft in prosecuting this action, as provided for

by 15 U.S.C. § 1117 and 17 U.S.C. § 505; and

137.    That the Court grant Microsoft such other, further, and additional relief as the

Court deems just and equitable.

DATED this 13th day of December 2016.

Davis Wright Tremaine LLP
*Attorneys for Plaintiff Microsoft Corporation*


By   s/ *Bonnie E. MacNaughton*
Bonnie E. MacNaughton, WSBA #36110
s/ *Jaime Drozd Allen*
Jaime Drozd Allen, WSBA #35742
s/ *James H. Corning*
James Harlan Corning, WSBA #45177
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
Telephone: (206) 622-3150
Fax: (206) 757-7700
BonnieMacNaughton@dwt.com
JaimeDrozdAllen@dwt.com
JamesCorning@dwt.com

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax